Nicholson, C. J.,
delivered the opinion of the court.
On the 5th of December, 1865, H. B. Willeford was appointed and qualified as the administrator of the estate of John Watson. When his two years for administration expired, to-wit: on the 5th of December,. 1867, he had on deposit in the Gayoso Savings Institution in Memphis, a considerable sum belonging to the estate, — the deposit being in his name as administrator of the estate. The Savings Institution suspended on the 5th of February, 1868, whereby much of this deposit has been lost.
The first question for our determination is, whether this loss is to be sustained by the administrator, or by the distributees of the estate.
It is not denied that the money was deposited in the bank solely for safe keeping, and without any profit to the administrator personally. Nor is it denied that the bank was in good repute as a safe and solvent institution, at the time the deposits were made, and until its suspension, on the 5th of February, 1868.
No question is made as to the prudence of the administrator in making his deposits in this bank ; but he is sought to be made liable because he allowed the funds to remain there after the expiration of the two years from his appointment.
It is insisted that his liability is fixed, because he stood in violation of sec. 2311 of the Code, which *478 provides: — “No executor or administrator shall take, bold, or retain in his hands, more of the deceased’s •estate than amounts to his necessary charges and disbursements, and such debts as he shall legally pay within two years after administration granted; but all such estate so remaining shall, immediately after the expiration of two years, be divided and paid over to the person or persons to whom the same may be due by law or by the will of the deceased.”
This section of the Code is taken from the act of 1789, ch. 23, sec. 2; but it is only the first part of the section, the residue of which is carried into the Code as sec. 2316, as follows:—
“But every legatee and distributee, before receiving his portion of the deceased’s estate, or some other for him, shall give bond, etc., to refund, etc.”
Construing these sections as one act, as in fact they were originally, and still continue to be, we can have no difficulty in arriving at their true meaning and intention. The plain intention of the Legislature was, to give to all legatees and distributees the right to receive their legacies or distributive shares immediately after the expiration of two years; but before they could legally claim these, they were required to execute refunding bonds to the executor or administrator. Until such bonds are executed, the executor or administrator is not bound to distribute.
It does not appear in this case that the distribu-tees either demanded their distributive shares, or tendered refunding bonds.
But section 2311 can be properly understood only *479 by construing it with other sections of the Code having reference to the same subject matter.
By sec. 2295: — “After the lapse of two years from the qualification of every executor or administrator, the clerk of the county court shall take and state his accounts, and once every year thereafter till the administration is closed.” This was the act of 1873, ch. 125, sec. 1, which authorized the clerk to “take and state the accounts in vacation, and report the same to the next county court for confirmation.”
This section contemplates the coming in of the executor or administrator voluntarily to render his account, and this it is his duty to do alter the expiration of two years; and it must be understood that this duty is to be discharged in a reasonable time. But when the executor or administrator reports himself as ready to state his accounts, it is made the duty of the clerk, before taking the account, to have the parties interested served with notice at least five days before the time fixed. Sec. 2298, taken from the acts of 1851, ch. 215, sec. 2.
By sec. 2301 : — “The clerk shall charge every such accounting party with all such sums of money as he has received, or might have received, by using due and reasonable diligence, and shall credit him with a reasonable compensation for his services, and with such disbursements as he supports by lawful vouchers.” This is taken from the act of 1837, ch. 118, sec. 4.
If we construe these several sections together, as constituting parts of one act, as we are bound to do, and give them such an interpretation as will make them *480 harmonize, and develop the intention of the Legislature, we shall be forced to hold that it was intended that the executor or administrator should be liable for a breach of trust if he failed to distribute the funds in his possession immediately after the expiration of the two years; but that this provision is only directory, and is to be understood in connection with other provisions, which look to the giving of refunding bonds, and to the administrator’s having his accounts stated by the clerk, and impliedly give the additional time necessarily consumed in carrying out the proceedings prescribed for settling the accounts; so that in view of the circumstances attending each ease, the liability or non-liability of the executor or administrator must be determined.
In the present case, we find that the administrator reported his account to the clerk, and filed it on the 18th of January, 1868, but that up to that time the distributees had tendered no refunding bonds, nor demanded their distributive shares.
It was the duty of the clerk, upon his filing his papers and announcing his readiness to settle, to notify the parties interested to attend on a day fixed, but this was not done, and in the mean time the bank in which the funds were deposited suspended, and the loss occurred.
It further appears, that, at the expiration of the two years, a suit was pending against him, undetermined.
The question, upon the foregoing review of the statutes, and the facts, is, Was the administrator guilty *481 of any want of reasonable diligence or good faith in making his deposits in the bank?
The proof on this subject is entirely satisfactory, and wholly exculpates him from blame.
It would be an exceedingly harsh rule that would visit a loss occurring' under such circumstances upon a trustee whose management of his trust seems to have been free from exception.
The conclusion at which we have arrived settles also the question of the reasonable compensation claimed by the administrator.
The action of the court below is reversed, and the ease remanded. The administrator .will be credited with the money lost by the suspension of the bank, and also with reasonable compensation. The costs of this court will be paid by the defendants, and the costs of the court below as it may order.